## (September 19, 1974)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH McLAURIN, Appellant.— Motion to strike certain statements from respondent's brief granted only to the extent of striking therefrom all references to a letter dated July 19, 1974 from the Sheriff's office, Mercer County, New Jersey, and the reference to the absence in respondent's records of knowledge of appellant's whereabouts prior to the issuance of a detainer against him by respondent. In all other respects, the motion is denied. Concur — McGivern, P. J., Nunez, Lupiano, Steuer and Capozzoli, JJ.

■ JOSEPH CORN & SON INC., Appellant, v. SIDNEY J. BERNSTEIN et al., Respondents.— Order, Supreme Court, New York County, entered on April 10, 1974, uanimously reversed, in the exercise of discretion, and the motion to vacate dismissal of the action and restore it to the calendar granted, conditioned on payment by plaintiff-appellant of $250 costs to defendants-respondents within 20 days after service of a copy of the order entered hereon upon it by defendants-respondents, without costs and without disbursements of this appeal. Upon plaintiff-appellant's failure to comply with the foregoing condition, the order is unanimously affirmed, with $40 costs and disbursements to respondents. The reason for dismissal was nonappearance on the call of the Trial Calendar on a date over five years from joinder of issue and almost seven years after the alleged damage took place. However, we are persuaded to restore by the circumstance of death of plaintiff's counsel shortly before dismissal of the action. Concur — McGivern, P. J., Markewich, Kupferman, Steuer and Capozzoli, JJ.

■ CARL J. EISERT EQUIPMENT CORPORATION, Appellant, v. A & M WALLBOARD, INC., et al., Respondents.— Order, Supreme Court, New York County, entered March 20, 1974, unanimously reversed on the law, without costs and without disbursements, and motion granted and partial summary judgment awarded plaintiff for $9,175, and interest, and case remanded for trial on the issues of the number of hours and the contract price of the rental and the validity of the alleged setoffs. This action, originally in the form of foreclosure of a mechanic's lien, is for the contract price for the rental of a crane. Upon receipt of plaintiff's invoice defendant Wallboard wrote a letter contesting the amount of the charges and setting forth its version of the number of hours the crane was used and the rental price agreed upon. Defendant also claimed certain setoffs. On this motion defendant claims that the person acting on its behalf was not authorized to contract. As to the letter, defendant asserts that this was an offer of settlement. This is palpably not so. Defendant admitted its use of the crane and asserted the terms upon which it was used. Accepting those terms, plaintiff would be entitled to the sum admitted to be due. Settle order on notice. Concur — McGivern, P. J., Markewich, Kupferman, Steuer and Capozzoli, JJ.